13 CV 8798

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CHRISTOPHER THOMPSON,                             **COMPLAINT**

                Plaintiff,

   -against-                                                      **JURY TRIAL
DEMANDED**

THE CITY OF NEW YORK, POLICE OFFICER RUBEN
ALVAREZ (TAX 929624) individually and in his Official
Capacity, and Police Officers "JOHN DOE" (1-3),
individually and in their official capacities, the names "JOHN
DOE" being fictitious as the true names are not presently
known,

                Defendants.
-------------------------------------------------------------------X

    Plaintiff, CHRISTOPHER THOMPSON, by and through his attorneys, **LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** complaining of the defendants herein, respectfully show the Court and alleges:

### PRELIMINARY STATEMENT

    1.    This is a civil rights action in which the plaintiff, CHRISTOPHER THOMPSON, seeks relief for the defendants' violations of their rights secured by the Civil Rights Act of 1871, 42 U.S.C. §§ 1983 and 1988, and of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, and of rights secured under the laws and Constitution of the State of New York. The plaintiffs seek damages, both compensatory and punitive, affirmative and equitable relief, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems equitable and just.

### JURISDICTION AND VENUE

    2.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, 1367 and 42, this being an action seeking redress for the violation of plaintiffs' constitutional and civil rights.

    3.    Jurisdiction is also invoked herein pursuant to the Fourth and Fourteenth

1

Amendments to the United States Constitution and 42 U.S.C. § 1983.

4. The plaintiff respectfully requests that this Court exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any state court causes of action that arise from a common nucleus of operative facts that give rise to the federally based causes of action pleaded herein, and as against all parties that are so related to claims in this action within the original jurisdiction of this court that are formed as part of the same case or controversy.

## VENUE

5. Venue herein is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c).

## NOTICE OF CLAIM

6. Plaintiffs filed Notices of Claims with the Comptroller of the City of New York within 90 days of the events complained of herein. More than 30 days have elapsed since the filing of the Notices of Claims, and adjustment or payment thereof has been neglected or refused.

7. The parties have agreed via stipulation to allow Plaintiff to file this suit without a 50-h hearing as Plaintiff's criminal charges are still pending. Plaintiff agrees to an immediate stay of the proceedings to allow for resolution of his criminal charges and be produced for a 50-h before further litigation in this action. This action is commenced within one year and ninety days from the date the pendent claim herein accrued.

## JURY TRIAL DEMAND

8. Plaintiffs hereby demand a trial by jury of all issues in this action that are triable.

## PARTIES

9. Plaintiff, CHRISTOPHER THOMPSON is an adult and at all times hereinafter mentioned is a citizen of the United States residing in Bronx County, City and State of New York.

10. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

11. Defendant, THE CITY OF NEW YORK, is and was at all times relevant herein a

municipal entity created and authorized under the laws of the State of New York. It is authorized to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

12. Defendant, POLICE OFFICER RUBEN ALVAREZ (TAX 929624) is and was at all times relevant herein, duly appointed and acting officer, servant, employee and agent of the New York City Police Department, a municipal agency of THE CITY OF NEW YORK, assigned to the 42nd Precinct, Bronx County New York City Police Department. The defendant was at all times relevant herein, acting under color of state law in the course and scope of his duties and functions as an officer, agent, servant, and employee of defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT. The defendant was acting for, and on behalf of, and with the power and authority vested in him by THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duties. The individual defendant is hereby sued herein in his official and individual capacities.

13. Defendants, JOHN DOE (1-3), are and were at all times relevant herein, duly appointed and acting officers, servants, employees and agents of the New York City Police Department, a municipal agency of THE CITY OF NEW YORK, assigned to the 42nd Precinct, Bronx County New York City Police Department. The defendants were at all times relevant herein, acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant, THE CITY OF NEW YORK. The defendants were acting for, and on behalf of, and with the power and authority vested in him by THE CITY OF NEW YORK and the New York City Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of their duties. The individual defendants are hereby sued herein in his official and individual capacities.

## STATEMENT OF FACTS

14. On September 21, 2012 at approximately 8:40 a.m., in the County of Bronx, City and State of New York, plaintiff was lawfully present inside of 590 East 166th Street, Apartment 5G (the "scene of the arrest"), when defendant, POLICE OFFICER RUBEN ALVAREZ (TAX 929624) and Defendants JOHN DOE (1-3) kicked in or otherwise loudly and forcibly entered through the front door of the apartment.

15. Plaintiff, CHRISTOPHER THOMPSON lawfully present in the apartment.

16. Although there was no legal basis to do so, the defendants began searching the premises.

17. The search yielded no evidence of guns, drugs, or contraband.

18. Plaintiff, CHRISTOPHER THOMPSON requested to see a search warrant and was told no by JOHN DOE #1.

19. The Defendants, specifically, Defendant, POLICE OFFICER RUBEN ALVAREZ (TAX 929624), was not invited or authorized by plaintiff to enter the premises, nor was their entry consented to by plaintiff or anyone accompanying or inside plaintiff's premises, or any other individual authorized to so consent. There were no exigent circumstances present that would permit the defendants to enter the premises absent a warrant or invitation.

20. The Defendant, POLICE OFFICER RUBEN ALVAREZ (TAX 929624) had a warrant to enter, however this warrant was neither to justify their entry into the premises and refused to produce one after the Plaintiffs asked.

21. If indeed a warrant had issued, it could only have been procured on false or otherwise misleading information as none of the residents of the apartment had engaged in any conduct that would have constituted probable cause for the issuance of a warrant to enter or search the premises.

22. The plaintiff was not engaged in any suspicious or illegal conduct, and complied with defendants' requests at all times.

23. As Plaintiff was being transported, JOHN DOE #2, verbally harassed and subjugated Plaintiff to verbal abuse regarding falsehoods of which Plaintiff denied.

24. Through the course of their illegal search, Defendant POLICE OFFICER RUBEN ALVAREZ (TAX 929624) and JOHN DOE (1-3) destroyed Plaintiff's property with no grounds to do so, including but not limited to, the destruction/damage of Plaintiff's mailbox, dresser and door-frame.

25. Despite the absence of any evidence of wrongdoing, the defendants formally arrested the plaintiff.

26. Plaintiffs then arraigned on a criminal complaint containing false allegations sworn to by POLICE OFFICER RUBEN ALVAREZ (TAX 929624) with the knowledge and approval of the Doe defendants.

27. Plaintiff was then taken under arrest to a local area precinct believed to be the 42nd Precinct where they were held for several hours before they were taken to New York County Central Booking where he was held for several more hours.

28. Plaintiff was then falsely arrested and was held prisoner for several hours until plaintiff was transferred to central booking and kept there for approximately 11 hours without probable cause or legal reason.

29. Plaintiff's charges are now being resolved or dismissed.

30. Plaintiff Christopher Thompson was given a future court date and released on custody. He was forced to make several court appearances of the course of several months before the charges against her were dismissed.

31. The decision to arrest and detain plaintiffs was objectively unreasonable under the circumstances.

32. At no time was the plaintiff told what he was being charged with or why he was being held.

33. That the acts and conduct constituting the false arrest and false imprisonment of

5

plaintiff consisted in part of the following; unlawfully and intentionally detaining and confining plaintiff against his will and without his consent; unlawfully and intentionally detaining and confining plaintiff without privilege, probable cause or valid legal process; unlawfully detaining and confining plaintiff through the unlawful arrest of plaintiff; unlawfully detaining and confining plaintiff through the use of force; unlawfully arresting plaintiff and placing plaintiff in handcuffs without reasonable cause therefore, and committing such other acts resulting in the unlawful arrest and imprisonment of plaintiff.

34. That plaintiff was conscious of the false arrest and confinement.

35. Plaintiff was arrested, detained, and arraigned pursuant to false information and allegations supplied by the defendants, or made on the basis of allegations supplied by the defendants.

36. The factual allegations sworn to by the defendants against plaintiff were materially false and deliberately made to justify the illegal search, arrest, and excessive force perpetrated by the defendants against plaintiff.

37. Defendant the criminal complaint and all of the defendants gave false statements and generated paperwork which formed the basis of the charges on which the plaintiff was detained and arraigned, with the knowledge and understanding that this paperwork would be given to the New York County District Attorney's office and used to prosecute the plaintiff, specifically plaintiff Christopher Thompson.

38. It was objectively unreasonable for the defendants to arrest the plaintiff as there was no evidence that he had engaged in any unlawful conduct.

39. At no time did there exist sufficient cause to seize or arrest plaintiff, nor could the defendants have reasonably believed that such cause existed.

40. At no time did there exist any basis to utilize any level of force against the plaintiff, much less the force actually employed, nor could any of the defendants have reasonably believed that such force was necessary.

41. At no time did any of the individual defendants take any steps to intervene in, prevent, or otherwise limit the aforementioned conduct engaged in against the plaintiff.

42. The individual defendants intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct engaged herein as required.

43. That the defendants did so with the malicious and improper motive of justifying the improper search, seizure, and arrest of the plaintiff.

44. That at all relevant time mentioned herein, the defendants were on duty and acting within the scope of their employment, and under color of law and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## AS AND FOR A FIRST CAUSE OF ACTION
## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983

45. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

46. By their conduct and actions in arresting, imprisoning, failing to intercede on behalf of plaintiff., CHRISTOPHER THOMPSHON and in failing to protect him from the unjustified and unconstitutional treatment he received at the hands of the defendants, the defendants, acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused plaintiff to be unlawfully subjected to excessive and unreasonable force and false arrest, caused plaintiff Christopher Thompson to be subjected to malicious prosecution, and caused injury and damage in violation of the plaintiff constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

47. That the individual defendants, including the Doe defendants, unlawfully entered plaintiff Christopher Thompson's home in violation of his constitutional rights.

48. As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of

quality and/or enjoyment of life, economic injury, physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and were otherwise damaged and injured.

## AS AND FOR A SECOND CAUSE OF ACTION
## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983

49. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

50. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department and the individuals defendants, had in effect actual and/or *de facto* policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct alleged of the individual defendants.

51. At all times material to this complaint, defendant THE CITY OF NEW YORK failed to properly train, screen, supervise or discipline its employees and police officers, including the individual defendants, concerning the correct practices in having probable cause and/or reasonable suspicion to detain a person, and then permit detention, inflict abuse and excessive force upon said person, batter and assault and sustain a false arrest, thereby permitting the defendants to be in a position to violate plaintiff' rights.

52. Defendant THE CITY OF NEW YORK, being aware that such lack of training, supervision, and discipline leads to improper conduct by its employee police officers, acted with deliberate indifference in failing to establish a program of effective training, supervision and discipline. Defendant THE CITY OF NEW YORK is aware of the persistent and substantial risk of improper and incorrect arrest and detention, and effective training, supervision, and discipline would lessen the likelihood of such occurrences. There are recurrent circumstances which involve such potential danger to the constitutional rights of citizens and which are officially tolerated by defendant THE CITY OF NEW YORK. Such policies, practices, customs or usages were the direct and proximate cause of the harm to the plaintiff, in violation of plaintiff' rights as guaranteed by 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

53. Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

54. Defendant had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, use of excessive force, abuse of arrest powers, and other blatant violations of the United States Constitution and rules and regulations of the NYPD. Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put in place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiff herein.

55. The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, detentions, malicious prosecution, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiff's arrests.

56. The aforementioned customs, practices, procedures, and rules of the City and the NYPD are listed below in the following, non-exhaustive list of unconstitutional actions:

    a. Using excessive force on individuals, including but not limited to those who have already been handcuffed;

    b. Failing to supervise, train, instruct and discipline police officers and encouraging their misconduct;

    c. Discouraging police officers from reporting the corrupt or unlawful acts of others;

    d. Retaliating against officers who report police misconduct; and

    e. Failing to intervene to prevent the above-mentioned practices when such intervention is reasonably available.

57. The existence of unconstitutional customs and policies, including those detailed herein, may be inferred from repeated occurrences of similar unconstitutional, illegal, and wrongful conduct, as documented in numerous civil actions, including, but not limited to, the following:

   a. *Thompson v. City of New York,* 10-CV-3603 (ARR) (SMG) (E.D.N.Y.);
   b. *Lotorto v. City of New York,* 10-CV-1223 (ILG) (JMA) (E.D.N.Y.);
   c. *Zabala v. City of NewYork,* 37711/2010 (Sup. Ct. Kings Co.);
   d. *Ashe v. City of New York,* 09-CV-9216 (AKH) (S.D.N.Y.);
   e. *Long v. City of New York,* 09-CV-9216 (AKH) (S.D.N.Y.);
   f. *Moise v. City of New York,* 09-CV-9855 (DC) (JLC) (S.D.N.Y.);
   g. *Taylor-Mickens v. City of New York,* 09-CV-7923 (RWS) (S.D.N.Y.);
   h. *Carmody v. City of New York,* 05-CV-8084 (HB), 2006 U.S. Dist. LEXIS 83207;
   i. *McMillan v. City of New York,* 04-CV-3990 (FB) (RML) (E.D.N.Y.);
   j. *Avent v. City of New York,* 04-CV-2451 (CBA) (CLP) (E.D.N.Y.).

58. In an Order dated November 25, 2009, in *Colon v. City of New York,* 09-CV-0008 (E.D.N.Y.), the Hon. Jack B. Weinstein stated:

> Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anectodal evidence of repeated, widespread falsification by arresting police officer of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration – through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department – there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city of the illegal conduct of the kind now charged.

59. It is therefore axiomatic that the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of plaintiff's rights in particular.

60. As a direct result of defendants' actions, plaintiff suffered a denial of his federal statutory rights, constitutional rights and privileges. Such deprivations were in violation of the rights secured to plaintiff by the Fourth and Fourteenth Amendments of the United States Constitution and by Title 42 U.S.C.A § 1983.

61. As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

**AS AND FOR A THIRD CAUSE OF ACTION
DEPRIVATION OF RIGHTS UNDER THE
UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983 BY
<u>THE CITY OF NEW YORK</u>**

62. Plaintiffs repeats and reiterate the foregoing allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

63. The defendants' actions in this matter were carried out in accordance with an existing plan or policy created or otherwise condoned by the municipal defendant designed to increase the number of arrests made without regard to probable cause.

64. More precisely, under this policy or plan, officers within the Narcotics Bureau, including the individual defendants, would secure warrants to search social clubs, apartments, and other locations, and, if any contraband was found, routinely arrest all persons found therein, regardless of whether there was any factual basis for the charges. The arresting officer would then make false statements of fact as to seeing narcotics in plain view or otherwise in the possession of each of the persons arrested.

65. The purposes of this policy or plan was to generate large numbers of arrests to help the NYPD create a false impression of positive activity by their officers.

66. In addition, members of the Narcotics Bureau are evaluated, at least in part, on the basis of their "activity" which is measured by the number of arrests made, search warrants secured, and other, similar criteria. Thus, members of the Narcotics Bureau routinely make arrests and

engage in other police activity without sufficient legal cause in order to raise their levels of "activity" and improve the perception of their job performance.

67. The policy or plan was kept in effect from, at least, 2006 through, at least, the date of plaintiff' arrests, despite the municipal defendant's knowledge that the individuals arrested were not being charged or that there was insufficient evidence to justify the arrests that the arresting officers were seeking to bolster the arrests with false allegations, and that the prosecuting officers often had found insufficient cause to justify the imposition of charges or continued prosecution is charges were filed.

68. In October 2011, following a bench trial in New York State Supreme Court, Kings County, under indictment number 06314-2008, former NYPD narcotics officer Jason Arbeeny was convicted of planting drugs on two individuals and falsifying arrest reports. Before issuing a verdict of guilty, the trial judge scolded the NYPD for what he described as a "widespread culture of corruption endemic in drug units." The judge further stated that the testimony demonstrated that the NYPD narcotics division maintains a "cowboy culture" and that he was "shocked, not only by the seeming pervasive scope of misconduct but even more distressingly by the seeming casualness by which such conduct is employed."

69. That at all times relevant herein, the defendants were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

70. Defendant City of New York created, approved or condoned the practice and policy, as carried out by the Narcotics Bureau, of making wholesale arrests without probable cause in order to create false or misleading arrest numbers.

71. By reason thereof, the defendant has violated Title 42 U.S.C.A § 1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

### AS AND FOR A FOURTH CAUSE OF ACTION
### FOR EXCESSIVE FORCE, FALSE ARREST,
### FALSE IMPRISONMENT AND MALICIOUS PROSECUTION
### PURSUANT TO STATE LAW

72. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

73. That at all times hereinafter mentioned, defendant THE CITY OF NEW YORK assumed responsibility supervision, and authority over THE NEW YORK CITY POLICE DEPARTMENT and, its agents, servants and employees, and is liable to plaintiff for the acts complained of herein under the theories of vicarious liability and *respondeat superior*.

74. At the aforementioned times and locations, plaintiff was detained and held under the imprisonment and control of the defendants under false pretenses.

75. At the aforementioned times and locations, due to the negligence of the defendants, their servants, agents, employees, licensees, independent contractors and/or police officers while in the course and scope of their employment with THE CITY OF NEW YORK, and acting under authority of the NEW YORK CITY POLICE DEPARTMENT, falsely arrested and imprisoned the plaintiff without warrant, authority of law or probable cause therefore.

76. That the acts and conduct on the part of the individual defendants constituting the false arrest and false imprisonment consisted in part of the following; unlawfully and intentionally detaining and confining plaintiff against their will and without their consent; unlawfully and intentionally detaining and confining plaintiff without privilege, probable cause or valid legal process; unlawfully detaining and confining plaintiff through the unlawful arrest of plaintiff; unlawfully detaining and confining plaintiff through the use of force; unlawfully arresting plaintiff and placing plaintiff in handcuffs without reasonable cause therefore, and committing such other acts resulting in the unlawful arrest and imprisonment of plaintiff.

77. That the acts and conduct on the part of the individual defendants constituting the malicious prosecution of plaintiff Christopher Thompson consisted in part of the following: swearing out a false criminal complaint and other initiating documents, forwarding this and other information

13

to the New York County District Attorney, doing so in order to cover up the unconstitutional conduct of the defendants detailed herein, and committing such other acts resulting in the malicious prosecution of plaintiff Christopher Thompson.

78. That at all times hereinafter mentioned, said arrest, confinement and restraint of liberty was not otherwise privileged.

79. That plaintiff was conscious of the confinement.

80. That as a direct, sole and proximate result of the false arrest, imprisonment, malicious prosecution and excessive force, plaintiff was caused to and did sustain humiliation and embarrassment, emotional and mental distress, moral and mental degradation, indignity and disgrace, injury to personal reputation, inconvenience, disturbance and disruption of life, legal expenses, and loss of personal income.

81. By the actions described above, the individual and municipal defendants caused plaintiff to be falsely arrested and/or falsely imprisoned plaintiff without probable cause, without reasonable suspicion, illegally, without any proper claims, and without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated their statutory and common law rights as guaranteed by the laws of the Constitution of the State of New York.

82. As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A FIFTH CAUSE OF ACTION
### NEGLIGENCE

83. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

84. Defendants negligently caused injuries, emotional distress and damage to the plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the

State of New York.

85. As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and were otherwise damaged and injured.

## AS AND FOR AN SIXTH CAUSE OF ACTION
## NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING

86. Plaintiffs repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

87. Defendant THE CITY OF NEW YORK negligently hired, screened, retained, supervised and trained the individual defendants. The acts and conduct of the defendants were the direct and proximate cause of injury to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

88. As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and were otherwise damaged and injured.

## AS AND FOR AN SEVENTH CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL HARM

89. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

90. Defendants negligently caused emotional distress and damage to the plaintiffs. The acts and conduct of the defendants were the direct and proximate cause of emotional injury to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

91. As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and were otherwise damaged and injured.

92. That by reason of the aforesaid, the plaintiff have been damaged in a sum not to exceed ONE MILLION (1,000,000.00) DOLLARS and that an award of attorney's fees is appropriate pursuant to 42 USC § 1988.

WHEREFORE, as on the foregoing Causes of actions, plaintiff demands judgment against the defendants, severally and jointly, in an amount which exceeds the jurisdictional limits of all lower Courts, together with attorney fees pursuant to 42 U.S.C.A. § 1988, the costs and disbursements of this action, and such other and further relief as the courts deems just and proper.

Dated: New York, New York
December 10, 2013

                                        RYAN J. LAWLOR (RL-7354)
                                        LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC
                                        Attorneys for Plaintiff
                                        80 Maiden Lane, 12th Floor
                                        New York, N.Y. 10038
                                        (212) 962-1020
                                        Our File No. 19418

TO: Corporation Counsel
      City of New York
      100 Church Street
      New York, New York 10007

      Police Officer Ruben Alvarez (Tax 929624)
      c/o New York City Police Department-42nd Precinct
      830 Washington Avenue
      Bronx, New York 10452

DOCKET NO.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHRISTOPHER THOMPSON,

                                  Plaintiff,

  -against-

THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER RUBEN ALVAREZ (TAX 929624) AND JOHN DOES (1-3),

                                  Defendants.

---

**SUMMONS AND COMPLAINT**

---

**LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
*Attorneys for Plaintiff*
**80 Maiden Lane, 12th Floor
New York, New York 10038
(212) 962-1020**

---

TO:    Corporation Counsel
         City of New York
         100 Church Street
         New York, New York 10007

         New York City Police Department
         One Police Plaza
         New York, New York 10038

         Police Officer Ruben Alvarez (Tax 929624)
         c/o New York City Police Department-42nd Precinct
         830 Washington Avenue
         Bronx, New York 10452

Pursuant to 22NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of the State of New York, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

                                                               Ryan J. Lawlor